To: The Honorable Curtis A. Golden State Attorney First Judicial Circuit of Florida
QUESTION:
Is it a violation of s. 849.0935, F.S., for a charitable, nonprofit organization to offer chances, with a request for a donation, for monetary prizes, where the prizes are awarded by removing a label and matching pictures on the front and back of the card?
SUMMARY:
A game sponsored by a charitable, nonprofit organization, in which cards are distributed to the public and prizes awarded on the basis of matching a picture on the back of the card with one or more on the front of the card is not a "drawing" within the meaning of s. 849.0935(4)(b), F.S., and is prohibited by s.849.0935, F.S.
According to your letter, a charitable, nonprofit organization would offer to the general public, with a request for contribution, cards depicting aligned combinations of objects (such as cherries, bells, gold bars, etc.) as customarily seen on the face of slot machines. The contributor or holder of the card, by peeling off a label or cover from the back of the card and by comparing a picture revealed there with the legend on the front, would then ascertain whether there was a match and, if so, the amount or nature of the prize.
The game described in your inquiry appears to be in the character of those games or operations known as "matching," "instant winner," or "preselected sweepstakes" which are explicitly declared to be unlawful under s. 849.0935(4)(a), F.S.[1] By comparing the back of the card with the front, "matching" occurs, and a predetermined winner is immediately known. While charitable, nonprofit organizations are authorized to conduct certain "drawings by chance" or "drawings,"[2] s. 849.0935(1)(a), F.S., in defining such terms, states:
(1) As used in this section, the term:
 (a) "Drawing by chance" or "drawing" means an enterprise in which, from the entries submitted by the public to the operator of the drawing, one or more entries are selected by chance to win a prize. The term "drawing" does not include those enterprises, commonly known as "matching," "instant winner," or "preselected sweepstakes," which involve the distribution of winning numbers, previously designated as such, to the public.
This statutory provision clearly contemplates the submission by "drawing participants" of entry forms to the operator of the drawing from which one or more are thereafter selected by chance to win a prize. Matching or instant winner games are expressly excluded from the above definition.
Therefore, the game described in your inquiry is not a "drawing by chance" or "drawing" and is not authorized under s. 849.0935, F.S.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 849.0935(4)(a), F.S., states: It is unlawful for any operator who, pursuant to the authority granted by this section, promotes, operates, or conducts a drawing by chance: (a) To design, engage in, promote, or conduct any drawing in which the winner is predetermined by means of matching, instant win, or preselected sweepstakes or otherwise or in which the selection of the winners is in any way rigged;
[2] Section 849.0935(2), F.S., provides that the provisions of s.849.09, F.S., prohibiting lotteries, "shall not be construed to prohibit an organization qualified under 26 U.S.C. § 501(c)(3) from conducting drawings by chance, provided the operator has complied with all applicable provisions of chapter 496."